E-FILED
Tuesday, 08 April, 2014 12:18:32 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| **DONALD R. MASTON, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 13-1088 |
| ) | |
| **CAROLYN W. COLVIN** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## O R D E R

This matter is now before the Court on Defendant Carolyn W. Colvin's, the acting Commissioner of Social Security ("Defendant"), Motion to Dismiss with Prejudice (ECF No. 10). For the reasons below, the Motion to Dismiss with Prejudice (ECF No. 10) is GRANTED.

## JURISDICTION

This Court has jurisdiction over this cause of action pursuant to Federal Rule of Civil Procedure 28 U.S.C. § 1331[1] because Plaintiff Donald R. Maston, Jr.'s ("Plaintiff") claim arises under a federal statute. Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security because the Commissioner determined that he is not disabled, and is therefore not entitled to disability insurance benefits ("DIB") or supplemental security income ("SSI") under the Social Security Act, 42 U.S.C. §§ 416(i), 423(d), and 1381a. Plaintiff has exhausted his administrative remedies.

---

[1] Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

1

## BACKGROUND

On September 6, 2011, an administrative law judge denied Plaintiff's application for benefits. (ECF No. 10-1 at 1). Plaintiff requested that the Appeals Council review the ALJ's decision. *Id.* at 1-2. On November 21, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, making it the final decision of the Commissioner. *Id.* at 2. On February 27, 2013, Plaintiff filed his Complaint for judicial review of the ALJ's decision. *Id.* On March 3, 2014, Defendant filed a Motion to Dismiss with Prejudice. (ECF No. 10). A Declaration from Robert Weigel of the Social Security Administration accompanied the Motion. (ECF No. 10-2). The Declaration detailed the procedural history of the case and asserted that Plaintiff never requested additional time with the Appeals Council of the Social Security Administration to file his review. *Id.* at 3. Plaintiff, a *pro se* litigant, was given notice that the Motion to Dismiss with Prejudice was filed. (ECF No. 11). The notice informed Plaintiff that he had until March 20, 2014, to file a response to the Motion. Plaintiff did not respond. On March 24, 2014, the Court informed Plaintiff that the deadline for a response to the Motion to Dismiss had passed, but *sua sponte* allowed Plaintiff until April 7, 2014, to file his response. Plaintiff was informed in that Order that the failure to respond would be considered as no objection to the Motion. The Clerk of the Court printed and mailed the Court's Order on March 24, 2014. As of this date, Plaintiff has failed to respond in any manner.

## DISCUSSION

On March 3, 2014, Defendant Carolyn W. Colvin, the acting Commissioner of Social Security ("Defendant"), filed a Motion to Dismiss with Prejudice. (ECF No. 10). In her Motion, Defendant argues that Plaintiff's Complaint (ECF No. 1) was untimely and should be dismissed with prejudice. (ECF No. 10-1 at 2).

Judicial review of final decisions on disability claims arising under the Social Security Act is provided for and limited by 42 U.S.C. § 405(g) and (h) which provide:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g), (h); *see also* 42 U.S.C. § 1383(c)(3).

Thus, the only civil action permitted on any disability claim arising under the Social Security Act is an action to review the "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g).[2] The Commissioner, through regulation, has interpreted the 60-day statute of limitations as follows:

> (a) General. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner.
>
> (c) Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the

---

[2] The Supreme Court has stated that the Social Security Act's 60-day statute of limitations serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210; *see also* 20 C.F.R. §§ 404.901, 404.981, 416.1401, 416.1481.

The sixty day period starts on the day after notice of the Commissioner's decision or within such further time as the Commissioner of Social Security may allow. An individual may seek additional time to file an appeal by making a written request to the Appeals Council explaining why the action was not filed within the required sixty-day period. 20 C.F.R. § 404.982. The Appeals Council will grant additional time if good cause is shown. 20 C.F.R. § 404.911. There was no indication that Plaintiff requested an extension of time to file a civil action. (*See* ECF No. 10-2 at 3 "*Declaration of Robert Weigel Court Case Preparation and Review Branch 1 Office of Disability Adjudication and Review Social Security Administration*"). As noted above, the Appeals Council's notice of denial of jurisdiction over the ALJ's decision was dated November 21, 2012, and thus Plaintiff had until January 25, 2013, at the latest to timely file a Complaint with the Court.[3] However, as Defendant points out in her Motion to Dismiss, Plaintiff did not file his Complaint until February 27, 2013. (ECF No. 1).

The Supreme Court has recognized that the 60-day statute of limitations is subject to equitable tolling in certain rare cases. In *Bowen v. City of New York*, 476 U.S. 467 (1986), the Court found that "[t]olling, in rare cases such as this, does not undermine the purpose of the 60-day limitations period" because "the Government's secretive conduct prevent[ed] plaintiffs from knowing of a violation of rights" before the statute of limitations had expired. *Bowen*, 476 U.S. at 480-82. Defendant argues that in the case at hand, there is no indication of improper

---

[3] There is no indication that Plaintiff received the notice of review after the presumed five days for mailing, or that Plaintiff requested from the Appeals Council an extension of time in which to file his Complaint. 20 C.F.R. §§ 404.982, 416.1482 (providing that the 60-day time limit may be extended by the Appeals Council upon a showing of good cause).

4

government conduct, or any other basis for equitable tolling. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights").

This Court finds that Plaintiff's untimely Complaint should be dismissed with prejudice. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.901, 404.981, 416.1401, 416.1481. Plaintiff should have filed his Complaint with this Court on or before January 25, 2013, but Plaintiff did not do so until February 27, 2013. (See ECF No. 1). Plaintiff had until March 20, 2014, to file a response to Defendant's Motion to Dismiss. The deadline passed and the Court, *sua sponte*, extended Plaintiff's deadline to file a response to April 7, 2014. Plaintiff did not respond. Therefore, there is no basis for an equitable tolling of the 60-day statute of limitations and this Complaint should be dismissed with prejudice.

## CONCLUSION

Defendant's Motion to Dismiss with Prejudice (ECF No. 10) is GRANTED. As a result, Plaintiff's Complaint (ECF No. 1) is dismissed with prejudice. This case is now TERMINATED.

ENTERED this 8th day of April, 2014.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

5